***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
The parties are bound by and subject to the North Carolina Workers' Compensation Act.
At all relevant times, an employment relationship existed between plaintiff and defendants.
Wausau Insurance Company was the carrier on risk.
A Form 22 was submitted from which an average weekly wage may be determined.
Plaintiff's Medical Records were stipulated into evidence as Stipulated Exhibit 1 and 2.
Plaintiff's Personnel File was stipulated into evidence as Stipulated Exhibit 3.
The issues before the Full Commission are:
 whether plaintiff sustained an injury by accident arising out of and in the course of her employment with defendants;
if so, what compensation, if any, is due plaintiff; and
what is the average weekly wage in this case?
8. The deposition of Dr. J. Carver Hill is a part of the evidentiary record in this case.
 ***********
On April 1, 2003, Chairman Buck Lattimore filed an Order holding in abeyance, until consideration by the Full Commission, plaintiff's motion dated March 25, 2003 to reopen the evidentiary record for the taking of deposition testimony of Ms. Peggy Ragland. The Full Commission hereby DENIES plaintiff's motion to add Ms. Ragland's deposition testimony to the evidentiary record of this case.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
At the time of the deputy commissioner hearing of this matter, plaintiff was forty-four (44) years old, married, and a high school graduate. Plaintiff began working for defendant-employer in June 1996. Plaintiff was employed in the Packaging Department packaging parts, such as valves, for shipment. Plaintiff's job required her to lift, walk and stand. Plaintiff worked on first shift beginning at 7:00 a.m.
Plaintiff had previously worked for Spanko Yarns for thirteen years prior to her employment with defendant-employer.
On April 1, 1998, plaintiff was packaging parts for an order that was to be shipped to Mexico. Plaintiff indicated she was building a box on a pallet and was placing paper in the box. Plaintiff contends when she bent down to pick up some of the parts to put in the box she felt a pull like a cramp in her left buttocks. Plaintiff contends this incident occurred in the early morning and she tried to continue to work but could not work after the incident. Plaintiff indicated she could not stand up and was light-headed.
Plaintiff indicated she could not finish the job she was working on and individuals in the room were laughing about the incident. Plaintiff indicated Annette Waddell and Karen Brooks were in the room when the incident occurred and they volunteered to finish her task. Plaintiff contends Annette Waddell went to the office to report the injury to plaintiff's supervisor, Peggy Ragland.
Plaintiff testified that prior to the end of the workday she contacted her husband, and he left his job at Lee Brick and came to pick her up from work. Plaintiff indicated her husband then took her to their family physician, Dr. Hill, and Dr. Hill saw plaintiff that day.
Plaintiff indicated she informed Dr. Hill she had been working and picked up a box causing her to have a cramp in her hip. Plaintiff indicated Dr. Hill told her she had hurt her back by pulling a disc and her back was swollen. Plaintiff indicated Dr. Hill gave her pain medication and wrote her out of work for a number of days placing her on bed rest.
Karen Brooks worked with plaintiff in the Packaging Department in April 1998. Ms. Brooks indicated the job described by plaintiff was consistent with her impression of the job. The Packaging Department is a very small department and the only employees in the department were plaintiff, Karen Brooks, Annette Waddell, and Peggy Ragland, their supervisor.
Peggy Ragland supervised other departments and was not constantly in the Packaging Department.
Ms. Brooks indicated she does not recall any incident that occurred in April 1998 wherein plaintiff was injured. Ms. Brooks indicated she remembered plaintiff being out of work due to a variety of health problems although Ms. Brooks was not exactly aware what the nature of the problems were. Ms. Brooks clearly indicated she does not recall any incident occurring in April 1998 as described by plaintiff.
Annette Waddell, another co-worker in the Packaging Department, indicated she does not recall any incident as described by plaintiff having occurred. Ms. Waddell further stated she was never told by plaintiff about any injury nor did she report any injury to Peggy Ragland in April 1998.
Brenda McCurry, the present Personnel Director for defendant-employer, reviewed the entire personnel file and indicated she was familiar with plaintiff's medical history and her claim. Ms. McCurry indicated there were no notes or any indication that there was any job related injury in plaintiff's personnel file.
Brenda McCurry also reviewed the time cards for the entire month of April 1998. She indicated plaintiff worked the entire month and missed no time during April 1998. Plaintiff did take time out of work or was on vacation in May or later months in 1998.
Ms. McCurry further stated plaintiff applied for and received short-term disability benefits from defendant-employer. Plaintiff would have been unable to receive the short-term disability benefits if she had claimed the incident under workers' compensation.
Plaintiff's husband indicated he received a call to pick up his wife from work; however, he does not recall the exact date of plaintiff's call. Even so, Mr. Spears recalled arriving in front of the building where plaintiff worked and plaintiff coming to the car. Mr. Spears testified he then took plaintiff to Dr. Hill who examined her. Mr. Spears said Dr. Hill told plaintiff she had a back injury at that time when plaintiff was complaining of numbness in her foot and hip. Mr. Spears recalled that Dr. Hill did prescribe bed rest and gave plaintiff pain medications. Mr. Spears took plaintiff home after completing the examination with Dr. Hill.
Mr. Spears indicated he had picked up plaintiff from work on other occasions due to other health problems.
Dr. Hill does not have a record arising from treatment provided to plaintiff on April 1, 1998. The first entry in plaintiff's medical records for treatment by Dr. Hill was in the form of an emergency room visit on April 4, 1998. Plaintiff reported to Central Carolina Hospital Emergency Department on April 4, 1998 complaining of left-sided chest pain and radiation down her left arm. Plaintiff was diagnosed with costochondritis.
Plaintiff did not see Dr. Hill again until April 15, 1998. At this time, plaintiff indicated she had had a great deal of work stress and reported she had proceeded to the Emergency Department on April 4, 1998 for left shoulder and right hip pain. Dr. Hill indicated she had had an emergency room work-up including an EKG. On April 15, 1998, Dr. Hill diagnosed plaintiff with migraine headache, arthritis and depression.
Dr. Hill's notes from plaintiff's April 15, 1998 visit contain no indication of any injury to plaintiff.
Some of plaintiff's medical records prior to April 1, 1998 were stipulated into evidence. Plaintiff's stipulated medical records dated back to March 1992. Between March 31, 1992 and April 1, 1998, plaintiff reported low back pain to numerous providers on sixteen (16) different occasions.
Dr. Hill was plaintiff's primary care physician from early 1996 through his retirement in February 2000. Dr. Hill indicated plaintiff never reported any work-related injury or back injury during this time period.
The first time plaintiff reported any medical problem related to an injury that had arisen from her work was on September 30, 1999 when Dr. Paul Suh with the North Carolina Spine Center examined her. Plaintiff indicated to Dr. Suh that she had fallen in 1998 while working. Plaintiff indicated she bent forward to pick up a part and began noting pain in her foot and back.
There had been no prior medical notation regarding any injury in the work place on April 1, 1998 prior to September 30, 1999. The medical records between April 1, 1998 and September 30, 1999 indicated plaintiff had presented for medical treatment at least sixty-seven (67) different times to nine (9) different providers. By the time Dr. Suh saw plaintiff, plaintiff had undergone surgery performed by Dr. Anthony Hucks-Follis.
In December 1998, plaintiff reported to Dr. Hucks-Follis that she had suffered low back pain since August 1998. Plaintiff indicated to Dr. Hucks-Follis she had developed these problems as result of lifting and bending at work. However, plaintiff described no specific incident to Dr. Hucks-Follis.
On February 9, 2000, plaintiff filed a Form 18 with the North Carolina Industrial Commission. However, the Form 18 submitted by plaintiff described no injury by accident or specific traumatic incident.
Between April 31, 1992 and the end of 2001, plaintiff had seen a medical provider on average at least every eleven days. Plaintiff was under the care of several different physicians for the same or similar problems during this time period. Plaintiff did not indicate to her primary care physician, Dr. Hill, or any other physician during this time period the work-related incident she contends occurred on April 1, 1998.
Plaintiff has reported difficulties with back pain, fatigue, wrist pain, headaches and depression since February 1993.
In January 2000, Dr. Suh noted plaintiff was on maximum doses of narcotics and was still presenting to various emergency rooms for pain medication injections. Dr. Suh noted plaintiff was engaged in significant symptom magnifications with significant pain behavior.
Dr. Hill indicated plaintiff had never reported nor described an injury by accident or specific traumatic incident to him. When asked about whether plaintiff's pain would be caused by lifting boxes, Dr. Hill's response did not indicate to any reasonable degree of medical certainty that an incident more likely than not occurred causing plaintiff's injury.
Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident or a specific traumatic event resulting in an injury to her lower back on April 1, 1998. Plaintiff provided no additional witness to corroborate the incident. In fact the two (2) witnesses she named as persons with knowledge of the incident denied any knowledge that any injury or incident had occurred.
Taking all of Dr. Hill's medical records into consideration, there is no indication that there was any work-related injury to plaintiff's back.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that she sustained any injury by accident or specific traumatic incident to her low back arising out of and in the course of her employment with defendants on or about April 1, 1998; therefore, plaintiff is not entitled to compensation pursuant to the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6); Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384 S.E.2d 549 cert. denied, 326 N.C. 706,388 S.E.2d 454 (1989).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. Defendants shall pay Dr. Hill an expert witness fee of $962.50.
3. Each side shall bear its own costs.
This the ___ day of June 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER